251 F.2d 226
 Ruth M. WHITEHILL
v.
GILBERT CARRIERS, Inc., John D. Winters and Frank Pisano.
Appeals of GILBERT CARRIERS, Inc. and Frank Pisano.
Annette Bollman MILLER, Administratrix C.T.A. of the Estate
of Gladys Whitehill Bollman, Deceased,
v.
John D. WINTERS, Gilbert Carriers, Inc., Frank Pisano,
Shirks Motor Express Corporation, Harry W. Harsh
(Ruth M. WHITEHILL, Third-Party Defendant).
SHIRKS MOTOR EXPRESS CORPORATION
v.
Ruth M. WHITEHILL, John D. Winters, Gilbert Carriers, Inc.
(Gilbert Carriers, Inc., Third-Party Defendant).
 Nos. 12280, 12281, 12282.
 United States Court of Appeals Third Circuit.
 Argued Dec. 3, 1957.
Decided Jan. 7, 1958.
 
 Daniel B. Winters, Pittsburgh, Pa. (Arthur G. Stein, Pittsburgh, Pa., on the brief), for appellants.
 Edward O. Spotts, Pittsburgh, Pa. (Theodore M. Tracy, Pittsburgh, Pa., on the brief), for Ruth M. Whitehill, appellee.
 Dennis C. Harrington, Pittsburgh, Pa. (James P. McArdle, Pittsburgh, Pa., on the brief), for Annette Bollman Miller, Admrx., appellee.
 George I. Buckler, Pittsburgh, Pa. (George Y. Meyer, Pittsburgh, Pa., on the brief), for Shirks Motor Express Corp. and Harry W. Harsh, appellees.
 Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 On September 2, 1952, appellee Ruth Whitehill, with Mrs. Bollman as a passenger, was driving her automobile west in the inside passing lane on the Pennsylvania Turnpike near its Irwin Interchange. Appellant Gilbert Carriers' tractor-trailer going in the same direction and driven by appellant Frank Pisano was ahead of her in the right lane. John Winters, operating his car and going west, was behind Miss Whitehill and also in the inside lane. The Whitehill and Winters vehicles were about to pass the tractor-trailer when it veered to its left. According to Winters, his Ford was in collision with the tractor-trailer and then hit the Whitehill machine. Miss Whitehill testified that as she was crowded to the left by the tractor-trailer her car was struck in the side rear. The Whitehill automobile went out of control, crossed the center strip and struck the truck of appellee Shirks.
 
 
 2
 Four actions resulted. Miss Whitehill sued Gilbert Carriers, Pisano and Winters. Mrs. Bollman's estate sued Miss Whitehill, Gilbert Carriers, Pisano, Winters, Shirks and the latter's driver, Harsh. Winters sued Gilbert Carriers and Pisano. Miss Whitehill was joined as a third-party defendant in that litigation. Finally Shirks sued Winters and Miss Whitehill. Gilbert Carriers was first made third-party defendant in this last suit. Later it was made a direct defendant by amendment of the complaint.
 
 
 3
 The cases were tried together on the liability issue alone. The jury found Winters, Gilbert Carriers and Pisano liable for the accident. The trial of the Shirks' property damage claim was completed and, based upon the jury verdict, judgment was entered in favor of Shirks and against Gilbert Carriers and Winters in the sum of $3,146.70. The motions of Winters, Gilbert Carriers and Pisano for new trials were denied. Gilbert Carriers and Pisano appealed.
 
 
 4
 Appellants complain first that the record did not justify the trial court in charging the jury concerning 'sudden emergency' with respect to Miss Whitehill's actions during the period of the accident. They have the same objection to the court having said in its charge that if the jury concluded that Pisano 'veered to his left into the fast lane to such an extent that he caused Ruth Whitehill to drive into the medial strip in order to avoid a collision, and that this striking or crowding caused the Whitehill car to go out of control and collide with the Shirks tractor-trailer and the Winters Ford to upset in the medial strip, then you might find that Pisano did not exercise due care in the circumstances.'
 
 
 5
 The Whitehill complaint alleged that the defendants Gilbert Carriers, Pisano its driver and Winters 'so recklessly and carelessly operated their respective vehicles that the automobile of the plaintiff was violently struck and forced across the medial strip * * *.' Gilbert Carriers and Pisano in their answer '* * * specifically denied that at any time the motor vehicle owned and operated by these defendants struck or forced to cross the medial strip the motor vehicle being operated by the plaintiff.' Neither in her pre-trial deposition or as a trial witness did Miss Whitehill say the Gilbert Carriers tractor-trailer struck her car. She did say, much as has been already indicated, that she '* * * was being edged, crowded to the left * * * By the truck, the tractor-trailer * * * Then I was hit * * * at the side rear * * * My car then was thrown out of control and I was forced to cross the green strip, the medial strip.' Clearly the element of the conduct of the Gilbert Carriers vehicle was in the case and for the consideration of the jury. And with respect to what the court said regarding sudden emergency, its correctness as a statement of the principle is not challenged. Appellants' contention is that this was a new theory injected by the judge in his charge. We think it inferable from the evidence that the action of Pisano in crowding the Whitehill car to the left, as it and the Winters machine, both in the fast lane, were passing the tractor-trailer, warranted the court charging the law on sudden emergency and its later instruction regarding facts which would justify the jury in finding Pisano negligent when it said, 'In this connection you should consider whether Ruth Whitehill was confronted with a sudden emergency not of her own making but crdated by Frank Pisano. Or was the emergency created by her lack of care?'
 
 
 6
 The judgment of the district court will be affirmed.